UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE PAUL VIGIL, Jr., | No. 20-cv-01340 JAM GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE A LIZARRAGA, | |
| Respondent. | |

*Introduction and Summary*

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

Petitioner, serving an indeterminate life sentence, attacks several aspects of his denial of parole suitability. The U.S. Supreme Court has made it clear, however, that federal courts are not to become involved in such determinations except for denials of the most basic forms of due process. Petitioner received the minimal due process afforded by the U.S. Supreme Court. Respondent filed a motion to dismiss based on the non-cognizability of petitioner's claim. The undersigned agrees. Accordingly, this petition should be dismissed as a matter of law.

////

1

*Factual Background*

According to the petition, Vigil received a sentence of 25 years to life in 1998 as a three-strikes recidivist.[1] As indeterminately sentenced prisoners in California have no established parole date, they must first be found suitable for parole under statutorily established factors. Petitioner received such a suitability hearing by commissioners of the Board of Parole Hearings ("Board") on January 8, 2019. Petitioner, represented by counsel, was found unsuitable for parole primarily on account of his misconduct in prison, medical evaluations which concluded that he represented a risk for violent conduct if released, and a lack of rehabilitative efforts while incarcerated. ECF No. 1 at 38-116 (Exhibit B). His next parole suitability hearing was set for ten years in the future. ECF No. 1 at 112-113. This date was set despite the fact that his attorney had advised he Board that petitioner's age would qualify him for consideration under state elderly law requirements. ECF No. 1 at 97. See also ECF No. 1 at 31.

Petitioner exhausted his claims through three levels of the state court with the Superior Court rendering an explained decision. ECF No. 1 at 118-119, 122, 124.

The petition was filed in this court on July 6, 2020. The sole basis for the petition was the denial of parole suitability in that insufficient evidence supported the denial, but the "improper" ten year parole suitability denial was referenced on ECF No. 1 at 19-20.

*Discussion*

Petitioner's situation is problematic. He was convicted of a non-violent failure-to-register crime at a time when California's Three Strikes law permitted indeterminate life imprisonment for a non-violent third strike. Petitioner did have a recidivist history which permitted his imposed sentence. But pursuant to law binding on the undersigned, Swarthout v. Cooke, 562 U.S. 216 (2011), federal courts have little role to play in habeas corpus cases involving parole suitability. The impact of Swarthout in a case such as petitioner's was well stated in a recent case:

> Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the

---

[1] Petitioner's crime of conviction, a non-violent offense of failing to register as a sex offender, even with prior convictions, might not carry with it a life imprisonment sentence if convicted today. However, such is not a concern of this habeas petition.

2

> minimum procedures adequate for due process protection of that interest" have been met. Id. [Swarthout] at 221. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id.; see also Miller v. Oregon Board of Parole and Post–Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout] that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. Swarthout, 562 U.S. at 220. The Ninth Circuit has acknowledged that, after Swarthout, substantive challenges to parole decisions are not cognizable on habeas review. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).
>
> ### B. Claim One Is Without Merit
>
> In Claim One, Petitioner contends that the Board improperly applied Marsy's Law to his case and violated his due process rights when it issued its 2009 decision denying parole and deferring the next parole hearing for ten years. (Pet. at 5-9.) Petitioner's claim is not cognizable on federal habeas review. There is no indication that the Board failed to give Petitioner an opportunity to be heard or a statement of the reasons for its 2009 decision. Although Petitioner does not attach a transcript, it is clear that a hearing was held and that Petitioner was informed of the basis of that decision. (See Pet. at 40.) Because Petitioner has not shown that the procedures followed by prison officials were constitutionally deficient, there is no basis for federal habeas relief on Claim One. See Swarthout, 562 U.S. at 220-21.

Malone v. McDowell, No. CV 20-8065-JAK (JEM), 2020 WL 7320844, at *2 (C.D. Cal. Oct. 14, 2020).

See also Kilgore v. Sullivan, No. CV 12-7733-DDP SP, 2013 WL 1703010 (C.D. Cal. Feb. 26, 2013); Rose v. Swarthout, No. 2:11-CV-00327-WBS-DAD P, 2012 WL 2959909 (E.D. Cal. July 19, 2012); Currie v. Hill, No. C 11-6315 PJH (PR), 2012 WL 5340930 (N.D. Cal. Oct. 25, 2012). Finally, see Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011) (extended period between parole suitability hearing not a violation of ex post facto protections).

Accordingly, the petition in this case must be dismissed. As the suitability hearing transcript demonstrates, ECF No. 1 at 39-115, petitioner was present at his hearing, was even

////

////

3

represented by counsel, was given an opportunity to respond to questions and otherwise to speak at length. Swarthout requires no more.[2]

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The Motion to Dismiss, ECF No. 14, should be GRANTED, and the Petition should be DISMISSED with prejudice as a matter of law; and
2. The District Court decline to issue a certificate of appealability

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 19, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not clear from the petition whether the referenced "senior parole suitability evaluation" is part of the omnibus parole suitability hearing, or whether it is a separate procedure with a separate decision. See e.g. ECF No. 21 (Letter Brief).  No such separate decision has been referenced here. However, if the senior procedure is separate, a challenge to that decision would have to be separately brought.  If the senior evaluation is part and parcel of the ordinary suitability hearing, such as the one at issue here, it is just another facet of a state law decision within the omnibus suitability context which cannot be reviewed on its merits in federal court.